UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CIHAN AKGOZ, et al.,<br><br>　　　　　　Defendants. | Case No. C24-1587-TL-SKV<br><br>ORDER GRANTING IN PART AND DENYING IN PART EX PARTE MOTION FOR ALTERNATIVE SERVICE |

INTRODUCTION

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), and Canon Kabushiki Kaisha, and Canon U.S.A., Inc. (collectively, "Canon," and together with Amazon, "Plaintiffs") filed an *Ex Parte* Motion for Alternative Service. Dkt. 14. Plaintiffs seek an order authorizing completion of service of process on Defendants Umut Altan, Yildiz Bayram, Yigit Can Celenogu, Ibrahim Celik, Alona Hurniak, Zekeriya Keskin, Pavlo Poperechniuk, and Varvara Sukachova (collectively, "Defendants")[1] by email. Now, having

---

[1] Defendant Medeni Uludag was dismissed from this action on December 12, 2024, Dkt. 11, and Microsoft is currently attempting to serve the remaining Defendants – Cihan Akgoz, Ferdi Celik, Satuk Bugrahan Ozturk, and Batuhan Terzi – via Turkey's Central Authority pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Dkt. 15, ¶2, n.1.

ORDER GRANTING IN PART AND DENYING IN
PART EX PARTE MOTION FOR ALTERNATIVE
SERVICE - 1

1  considered the motion, all documents filed in support, and the balance of the record, the Court,

2  for the reasons set forth below, herein GRANTS in part and DENIES in part Plaintiffs' motion.

3  BACKGROUND

4  This matter involves allegations of trademark infringement, false designation of origin

5  under the Lanham Act, violations of the Washington Consumer Protection Act, and breach of

6  contract associated with the sale of counterfeit products in the Amazon.com store (Amazon

7  Store). Dkt. 1. Plaintiffs allege Defendants sold counterfeit products through nineteen Amazon

8  "Selling Accounts." *Id*. *See also* Dkt. 16, ¶4.

9  Plaintiffs conducted investigations into the Selling Accounts, including researching

10  information and documents Defendants provided to Amazon when they registered their Selling

11  Accounts; researching information about Defendants in public and proprietary databases in both

12  the United States and Turkey; conducting on-site visits to various locations; and interviewing

13  individuals in Turkey in connection with Defendants' reported addresses. Dkt. 15, ¶2. Through

14  these investigations, Plaintiffs determined that Defendants registered their Selling Accounts with

15  identifying and business information that was fraudulently submitted and unrelated to the real

16  individuals and entities operating the Selling Accounts. *Id*., ¶3. Plaintiffs also obtained account

17  and transactions information relating to bank accounts Defendants provided to Amazon in

18  connection with their Selling Accounts, including potential physical addresses for Defendants.

19  *Id*., ¶¶4-5. However, investigations into this information, which included searching public

20  records in Turkey, performing on-site visits to foreign addresses, and interviewing relevant

21  individuals, failed to reveal any valid physical addresses. *Id*. The investigations indicated that

22  Defendants are likely located in Turkey and Ukraine. *Id.*, ¶¶3, 6.

23

ORDER GRANTING IN PART AND DENYING IN
PART EX PARTE MOTION FOR ALTERNATIVE
SERVICE - 2

Plaintiffs now seek an order from the Court granting leave to serve Defendants via email through the email addresses registered with the Selling Accounts, including the following accounts and associated addresses:

| Defendant | Selling Account | Selling Account Email Addresses |
|---|---|---|
| Umut Altan | B2B Wholesale LLC<br>Beast and Edge LLC<br>Bold Beacon LLC<br>Creative Catalyst LLC<br>DA Company<br>Ellevana LLC<br>Lake Falls<br>Leapable LLC ✅<br>Malaro LLC | canbaseyitamz@gmail.com<br>nurullahamz@gmail.com<br>hasanaslanamz1@gmail.com<br>yusufsimsekamz@gmail.com<br>dilekaskinozturk@gmail.com<br>sevvalsenelamz@gmail.com<br>venicesupplies1@hotmail.com<br>yalcinkaradagamazon@gmail.com<br>kralmartinn@gmx.com |
| Yildiz Bayram | Erhan Turan | yb539732@gmail.com |
| Yigit Can Celenogu | Lake Falls | venicesupplies1@hotmail.com |
| Ibrahim Celik | BlackWhiteShop1 | ahmetlebeoglu34@gmail.com |
| Alona Hurniak | Zelssi | apexeximllc@gmail.com |
| Zekeriya Keskin | Mundsy<br>Zelssi | zekariyasaltuk1@gmail.com<br>apexeximllc@gmail.com |
| Pavlo Poperechniuk | Lake Falls | venicesupplies1@hotmail.com |
| Varvara Sukachova | Alona Hurniak<br>BHT Products<br>DA Company Mundsy | batuhaninstore54@gmail.com<br>raymondvaalhall@gmail.com<br>dilekaskinozturk@gmail.com<br>zekariyasaltuk1@gmail.com |

Dkt. 15, ¶¶8-9 & Dkt. 16 ¶¶ 4-5.  They note that the email addresses were used not only to create and conduct business through the Selling Accounts, but also to receive communications from Amazon and to log into the accounts, and were the primary means of communications between Amazon and Defendants.  Dkt. 16, ¶5.  Defendants believe that the email addresses are currently active.  Dkt. 15, ¶8.  They observe that, on March 3, 2025, they directed that test emails be sent to Defendants via each of the relevant email addresses identified for Defendants; that the emails apprised Defendants of the lawsuit and contained courtesy copies of the Complaint, civil cover sheet, and summonses; and that they did not receive any error notices, bounce back messages, or

ORDER GRANTING IN PART AND DENYING IN
PART EX PARTE MOTION FOR ALTERNATIVE
SERVICE - 3

1    other indications that the emails failed to deliver. *Id.* Plaintiffs seek to serve Defendants using

2    RPost (www.rpost.com), an online service for service of process. *Id.*, ¶9.

3    DISCUSSION

4          Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign

5    countries by: (1) internationally agreed means of service reasonably calculated to give notice,

6    such as those authorized by the Hague Convention on the Service Abroad of Judicial and

7    Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the

8    foreign country's law; or (3) "by other means not prohibited by international agreement, as the

9    court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must

10   "demonstrate that the facts and circumstances of the present case necessitate[] the district court's

11   intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

12         In addition to the requirements of Rule 4(f), "a method of service of process must also

13   comport with constitutional notions of due process." *Id.* "To meet this requirement, the method

14   of service crafted by the district court must be 'reasonably calculated, under all the

15   circumstances, to apprise interested parties of the pendency of the action and afford them an

16   opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover*

17   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

18   A.    <u>Defendant Yigit Can Celenogu</u>

19         Plaintiffs assert that all of the Defendants at issue in the motion for alternative service

20   and supporting documents are likely located in Turkey or Ukraine. Dkts. 14-16. However, in

21   the Complaint, Plaintiffs alleged that Defendant Yigit Can Celenogu "is an individual residing in

22   Albuquerque, New Mexico." Dkt. 1, ¶23. The Court cannot, on this record and without further

23

information specific to Celenogu, conclude that the requested intervention is necessary for Plaintiff to effect service on this Defendant.

B.    Rule 4(f)

Plaintiffs assert their inability to locate physical addresses for Defendants. *See* Dkt. 15. Plaintiffs' investigation and discovery efforts narrowed the likely location of Defendants to Turkey or Ukraine. *Id*. Turkey and Ukraine are signatories to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 7, 2025). However, the Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969), 20 U.S.T. 361, 1969 WL 97765. Here, because they have been unable to locate any physical addresses for Defendants, Plaintiffs could not utilize methods authorized by the Hague Convention.[2] Moreover, because the Convention does not apply, it does not bar service by email.

Whether or not the Hague Convention applies, federal courts have concluded that email service on individuals located in Turkey and Ukraine is not prohibited by the Hague Convention or by any other international agreement, and have authorized service by email under Rule 4(f)(3). *See, e.g.*, *Amazon.com, Inc. v. Danylchenko*, No. C24-824, 2024 WL 4452070, at *2 (W.D. Wash. Oct. 8, 2024) (Turkey); *Amazon.com Inc. v. Ananchenko*, No. C23-1703, 2024 WL 492283, at *4 (W.D. Wash. Feb. 7, 2024) (Ukraine); *Amazon.com, Inc. v. Chalova*, C23-0747-

---

[2] Amazon also asserts that, "due to the current Russia-Ukraine conflict," it is unlikely service could be effectuated through the Hague Convention in Ukraine. *Associated Energy Grp., LLC v. Ukraine Int'l Airlines PJSC*, C23-21036, 2023 WL 7701882, at *1 (S.D. Fla. Nov. 15, 2023) ("[D]ue to the current Russia-Ukraine conflict, the Ukrainian Central Authority has understandably been unable to perfect service upon Defendant.")

1   JLR, 2024 WL 458281, at *2 (W.D. Wash. Jan. 9, 2024) (Ukraine); *Makina v. Kimya Endustrisi*

2   *A.S*, C22-3933, 2022 WL 3018243, at *2-5 (S.D.N.Y. July 29, 2022) (Turkey).

3         Plaintiffs here demonstrate the need for the Court's intervention as to Defendants Umut

4   Altan, Yildiz Bayram, Ibrahim Celik, Alona Hurniak, Zekeriya Keskin, Pavlo Poperechniuk, and

5   Varvara Sukachova. The Court further finds that service by email is not prohibited by

6   international agreement. Plaintiffs therefore show that an Order permitting service by email on

7   these Defendants comports with Rule 4(f).

8   C.    Due Process

9         The Court must also determine whether service of process on Defendants Altan, Bayram,

10  Celik, Hurniak, Keskin, Poperechniuk, and Sukachova through email would comport with due

11  process. That is, the Court must consider whether this method of service is "reasonably

12  calculated, under all the circumstances," to apprise these Defendants of this action and afford

13  them the opportunity to object. *Mullane*, 339 U.S. at 314.

14        Plaintiffs here show that Altan, Bayram, Celik, Hurniak, Keskin, Poperechniuk, and

15  Sukachova registered certain email addresses with Amazon in order to create their Selling

16  Accounts, access Amazon's "Seller Central," and conduct business through their Selling

17  Accounts. Plaintiffs also show that the addresses served as the primary means of communication

18  between Amazon and Defendants, and that the addresses remain active, as demonstrated by test

19  emails sent successfully and with no indication of a failure to deliver. Plaintiffs argue this

20  showing supports the conclusion that service by email is reasonably calculated to provide actual

21  notice.

22        As found by the Ninth Circuit, the decision to allow service by email lies within the

23  district court's discretion where the defendant has "structured its business such that it could be

ORDER GRANTING IN PART AND DENYING IN
PART EX PARTE MOTION FOR ALTERNATIVE
SERVICE - 6

contacted *only* via its email address" and "designated its email address as its preferred contact information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original). The situation here is somewhat less clear because Amazon blocked the Selling Accounts at issue. *See* Dkt. 1, ¶61. As a result, Altan, Bayram, Celik, Hurniak, Keskin, Poperechniuk, and Sukachova no longer conduct business with Amazon through the accounts. Plaintiffs have, however, verified that the email addresses used to register and otherwise associated with the Selling Accounts remain active.

This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The Court has, accordingly, authorized service by email where plaintiffs identified email addresses defendants used for Amazon Selling Accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied. *See, e.g.*, *Amazon.com, Inc. v. Liu*, C23-1375-RSL-SKV, 2024 WL 2959527, at *3-4 (W.D. Wash. June 12, 2024); *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023). *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured their counterfeit business such that they could only be contacted by email[,]" the court authorized service by email, and the emails sent did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). In contrast, where plaintiffs did not indicate whether they had

attempted to contact any defendants using email addresses associated with Amazon Selling Accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to demonstrate the email addresses were still valid. *Amazon.com, Inc. v. KexleWaterFilters*, C22-1120JLR, 2023 WL 2017002, at *2, 4 (W.D. Wash. Feb. 15, 2023) (permitting plaintiffs to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of [the] action."), *renewed motion granted*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023). *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses were incorrect or inadequate for service, did not show any defendant was aware of the pending action, and did not indicate any attempts to contact defendants, including attempted communication via email, through Selling Accounts, or by any other means).

      Plaintiffs here demonstrate that all physical addresses obtained in relation to Altan, Bayram, Celik, Hurniak, Keskin, Poperechniuk, and Sukachova were incorrect or otherwise inadequate for service. They also demonstrate that email addresses used by these Defendants to register Amazon Selling Accounts, serving as the primary means of communication with Amazon, and used to conduct business in the Amazon Store remain active. Together, these circumstances provide sufficient indicia that Altan, Bayram, Celik, Hurniak, Keskin, Poperechniuk, and Sukachova are likely to receive notice if served by email. The Court therefore finds service through email is reasonably calculated to apprise these Defendants of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

      / / /

ORDER GRANTING IN PART AND DENYING IN
PART EX PARTE MOTION FOR ALTERNATIVE
SERVICE - 8

# CONCLUSION

The Court, for the reasons stated above, GRANTS in part and DENIES in part Plaintiffs' *Ex Parte* Motion for Alternative Service. Dkt. 14. As to Defendant Yigit Can Celenogu, the motion is denied without prejudice to renewing the motion with further information as to this Defendant's location. The motion is granted in relation to Defendants Altan, Bayram, Celik, Hurniak, Keskin, Poperechniuk, and Sukachova, and the Court authorizes Plaintiffs to serve those Defendants through the following email addresses:

| **Defendant** | **Selling Account Email Addresses** |
| --- | --- |
| Umut Altan | canbaseyitamz@gmail.com<br>nurullahamz@gmail.com<br>hasanaslanamz1@gmail.com<br>yusufsimsekamz@gmail.com<br>dilekaskinozturk@gmail.com<br>sevvalsenelamz@gmail.com<br>venicesupplies1@hotmail.com<br>yalcinkaradagamazon@gmail.com<br>kralmartinn@gmx.com |
| Yildiz Bayram | yb539732@gmail.com |
| Ibrahim Celik | ahmetlebeoglu34@gmail.com |
| Alona Hurniak | apexeximllc@gmail.com |
| Zekeriya Keskin | zekariyasaltuk1@gmail.com<br>apexeximllc@gmail.com |
| Pavlo Poperechniuk | venicesupplies1@hotmail.com |
| Varvara Sukachova | batuhaninstore54@gmail.com<br>raymondvaalhall@gmail.com<br>dilekaskinozturk@gmail.com<br>zekariyasaltuk1@gmail.com |

/ / /

/ / /

/ / /

/ / /

1 | Plaintiffs are ORDERED to complete service and file proof of service by **April 23, 2025**.

2 | Dated this 8th day of April, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge