UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

                Plaintiffs,

    v.

CIHAN AKGOZ, et al.,

                Defendants.

Case No. C24-1587-TL-SKV

ORDER GRANTING EX PARTE
MOTION FOR ALTERNATIVE
SERVICE ON DEFENDANT YIGIT
CAN CELENOGU

INTRODUCTION

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"),

and Canon Kabushiki Kaisha, and Canon U.S.A., Inc. (collectively, "Canon," and together with

Amazon, "Plaintiffs") filed an *Ex Parte* Motion for Alternative Service on Defendant Yigit Can

Celenogu.  Dkt. 25.  Plaintiffs seek an order authorizing completion of service of process on

Defendant Celenogu[1] by email.  Now, having considered the motion, all documents filed in

---

[1] Defendant Medeni Uludag was dismissed from this action on December 12, 2024, Dkt. 11, and Plaintiffs served Defendants Umut Altan, Yildiz Bayram, Ibrahim Celik, Alona Hurniak, Zekeriya Keskin, Pavlo Poperechniuk, and Varvara Sukachova via email on April 10, 2025, Dkts. 18-19.  Plaintiffs are continuing their efforts to serve the remaining Defendants – Cihan Akgoz, Ferdi Celik, Satuk Bugrahan Ozturk, and Batuhan Terzi – via Turkey's Central Authority pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  *See* Dkt. 24.

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE ON DEFENDANT
YIGIT CAN CELENOGU - 1

1    support, and the balance of the record, the Court herein GRANTS Plaintiffs' motion for the

2    reasons set forth below.

3                                           BACKGROUND

4            This matter involves allegations of trademark infringement, false designation of origin

5    under the Lanham Act, violations of the Washington Consumer Protection Act, and breach of

6    contract associated with the sale of counterfeit products in the Amazon.com store (Amazon

7    Store).  Dkt. 1.  Plaintiffs allege Defendants sold counterfeit products through various Amazon

8    "Selling Accounts."  *Id*.

9            On April 8, 2025, the Court denied a motion for alternative service as related to Celenogu

10   without prejudice to renewing the motion with further information as to his location.  *See* Dkt. 18

11   at 4-5, 9.  The Court noted that, while Plaintiffs asserted that all of the Defendants at issue in the

12   motion were likely located in Turkey or Ukraine, the Complaint indicated Celenogu was "'an

13   individual residing in Albuquerque, New Mexico.'"  *Id*. at 4-5 (quoting Dkt. 1, ¶23).  The Court

14   explained that, on the record available and without further information, the Court could not

15   conclude the requested intervention was necessary for Plaintiff to effect service on Celenogu.  *Id*.

16           Plaintiffs now renew their motion with additional information regarding Celenogu.

17   Plaintiffs note that they obtained account and transactions information from a third party for a

18   virtual bank account provided to Amazon in connection with the registration of the "Lake Falls

19   Amazon selling account" registered to Celenogu (hereinafter "Selling Account").  Dkt. 26, ¶2.

20   The information disclosed a potential physical address for Celenogu in Albuquerque, New

21   Mexico, but subsequent investigations into that address revealed no connection between the

22   address and Celenogu, and a search of public records did not reveal any other address for

23   Celenogu in the United States.  *Id*.  However, data associated with the Selling Account

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE ON DEFENDANT
YIGIT CAN CELENOGU - 2

demonstrated the use of a shipping address located in Istanbul, Turkey for the account, and, through further investigation, Plaintiffs determined that three other named Defendants linked to Celenogu through the Selling Account were either found by investigators or believed to be located in either Turkey or Ukraine. *Id.*, ¶3. Local investigators engaged by Plaintiffs to look for Celenogu found no valid physical address for him in Turkey. *Id.* Also, a process server made three unsuccessful attempts to serve Celenogu at the New Mexico address on April 17, 18, and 23, 2025. *Id.* Plaintiffs attest that they have not been able to identify any current known physical address for Celenogu. *Id.*

Plaintiffs now seek an order from the Court granting leave to serve Celenogu via email through the email address registered with the Selling Account: venicesupplies1@hotmail.com. Plaintiffs note that the email address was used not only to create and conduct business through the Selling Account, but also to receive communications from Amazon and to log into the account, and was the primary means of communications between Amazon and Celenogu. Dkt. 16, ¶5. Plaintiffs believe that the email address is currently active. Dkt. 15, ¶8. They observe that, on March 3, 2025, they directed that test emails be sent to Celenogu and other Defendants via the relevant email addresses identified for those Defendants; that the emails apprised Defendants of the lawsuit and contained courtesy copies of the Complaint, civil cover sheet, and summonses; and that they did not receive any error notices, bounce back messages, or other indications that the emails failed to deliver. *Id.* Plaintiffs seek to serve Celenogu using RPost (www.rpost.com), an online service for service of process. *Id.*, ¶9; Dkt. 25 at 3.

## DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed means of service reasonably calculated to give notice,

1    such as those authorized by the Hague Convention on the Service Abroad of Judicial and

2    Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the

3    foreign country's law; or (3) "by other means not prohibited by international agreement, as the

4    court orders." Fed. R. Civ. P. 4(f)(3).  To obtain a court order under Rule 4(f)(3), a plaintiff must

5    "demonstrate that the facts and circumstances of the present case necessitate[] the district court's

6    intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

7         In addition to the requirements of Rule 4(f), "a method of service of process must also

8    comport with constitutional notions of due process." *Id.*  "To meet this requirement, the method

9    of service crafted by the district court must be 'reasonably calculated, under all the

10   circumstances, to apprise interested parties of the pendency of the action and afford them an

11   opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover*

12   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

13   A.    <u>Rule 4(f)</u>

14        Plaintiffs assert their inability to locate a physical address for Celenogu.  *See* Dkts. 15 &

15   26.  Plaintiffs' investigation and discovery efforts narrowed the likely location of Celenogu to

16   Turkey or Ukraine.  *Id.*  Turkey and Ukraine are signatories to the Hague Convention on the

17   Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.  *See*

18   https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited June 27,

19   2025).  However, the Hague Convention expressly "shall not apply where the address of the

20   person to be served with the document is not known."  Hague Convention, T.I.A.S. No. 6638

21   (Feb. 10, 1969), 20 U.S.T. 361, 1969 WL 97765.  Here, because they have been unable to locate

22   any physical address for Celenogu, Plaintiffs could not utilize methods authorized by the Hague

23

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE ON DEFENDANT
YIGIT CAN CELENOGU - 4

Convention.[2]  Moreover, because the Convention does not apply, it does not bar service by email.

Whether or not the Hague Convention applies, federal courts have concluded that email service on individuals located in Turkey and Ukraine is not prohibited by the Hague Convention or by any other international agreement, and have authorized service by email under Rule 4(f)(3). *See, e.g.*, *Amazon.com, Inc. v. Danylchenko*, No. C24-824, 2024 WL 4452070, at *2 (W.D. Wash. Oct. 8, 2024) (Turkey); *Amazon.com Inc. v. Ananchenko*, No. C23-1703, 2024 WL 492283, at *4 (W.D. Wash. Feb. 7, 2024) (Ukraine); *Amazon.com, Inc. v. Chalova*, C23-0747-JLR, 2024 WL 458281, at *2 (W.D. Wash. Jan. 9, 2024) (Ukraine); *Makina v. Kimya Endustrisi A.S*, C22-3933, 2022 WL 3018243, at *2-5 (S.D.N.Y. July 29, 2022) (Turkey).

Plaintiffs here demonstrate the need for the Court's intervention as to Defendant Celenogu.  The Court further finds that service by email is not prohibited by international agreement.  Plaintiffs therefore show that an Order permitting service by email on this Defendant comports with Rule 4(f).

B.      Due Process

The Court must also determine whether service of process on Celenogu through email would comport with due process.  That is, the Court must consider whether this method of service is "reasonably calculated, under all the circumstances," to apprise Defendant of this action and afford them the opportunity to object.  *Mullane*, 339 U.S. at 314.

---

[2]  Amazon also asserts that, "due to the current Russia-Ukraine conflict," it is unlikely service could be effectuated through the Hague Convention in Ukraine.  *Associated Energy Grp., LLC v. Ukraine Int'l Airlines PJSC*, C23-21036, 2023 WL 7701882, at *1 (S.D. Fla. Nov. 15, 2023) ("[D]ue to the current Russia-Ukraine conflict, the Ukrainian Central Authority has understandably been unable to perfect service upon Defendant.")

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE ON DEFENDANT
YIGIT CAN CELENOGU - 5

1    Plaintiffs here show that Celegonu registered an email address with Amazon in order to

2    create a Selling Account, access Amazon's "Seller Central," and conduct business through the

3    Selling Account.  Plaintiffs also show that the address served as the primary means of

4    communication between Amazon and Defendant, and that the address remains active, as

5    demonstrated by a test email sent successfully and with no indication of a failure to deliver.

6    Plaintiffs argue this showing supports the conclusion that service by email is reasonably

7    calculated to provide actual notice.

8    As found by the Ninth Circuit, the decision to allow service by email lies within the

9    district court's discretion where the defendant has "structured its business such that it could be

10    contacted *only* via its email address" and "designated its email address as its preferred contact

11    information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original).  The situation here is

12    somewhat less clear because Amazon blocked the Selling Account at issue. *See* Dkt. 1, ¶61.  As

13    a result, Celenogu no longer conducts business with Amazon through the account.  Plaintiffs

14    have, however, verified that the email address used to register and otherwise associated with the

15    Selling Account remains active.

16    This Court has concluded that the due process requirement for alternative service by

17    email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and

18    are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR,

19    2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023).  The Court has, accordingly, authorized

20    service by email where plaintiffs identified email addresses defendants used for Amazon Selling

21    Accounts and verified the addresses remained active, finding sufficient indicia that the

22    defendants were likely to receive notice if served by email and due process concerns satisfied.

23    *See, e.g.*, *Amazon.com, Inc. v. Liu*, C23-1375-RSL-SKV, 2024 WL 2959527, at *3-4 (W.D.

1    Wash. June 12, 2024); *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV,

2    2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *Amazon.com Inc. v. Bamb Awns*, No.

3    C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023).   *Accord Bright Sols. for*

4    *Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding

5    service by email proper "because Defendants structured their counterfeit business such that they

6    could only be contacted by email[,]" the court authorized service by email, and the emails sent

7    did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702

8    (N.D. Cal. Mar. 26, 2018).   In contrast, where plaintiffs did not indicate whether they had

9    attempted to contact any defendants using email addresses associated with Amazon Selling

10   Accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by

11   email upon finding a failure to demonstrate the email addresses were still valid.   *Amazon.com,*

12   *Inc. v. KexleWaterFilters*, C22-1120JLR, 2023 WL 2017002, at *2, 4 (W.D. Wash. Feb. 15,

13   2023) (permitting plaintiffs to "renew their motion with evidence of recent communications to

14   Defendants that demonstrates that service by email is a reliable method to provide Defendants

15   with notice of the pendency of [the] action."), *renewed motion granted*, 2023 WL 3902694, at *2

16   (W.D. Wash. May 31, 2023).   *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL,

17   2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email

18   where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the

19   addresses were incorrect or inadequate for service, did not show any defendant was aware of the

20   pending action, and did not indicate any attempts to contact defendants, including attempted

21   communication via email, through Selling Accounts, or by any other means).

22           Plaintiffs here demonstrate that any physical address obtained in relation to Celenogu was

23   incorrect or otherwise inadequate for service.   They also demonstrate that the email address used

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE ON DEFENDANT
YIGIT CAN CELENOGU - 7

by this Defendant to register the Selling Account, serving as the primary means of communication with Amazon, and used to conduct business in the Amazon Store remains active. Together, these circumstances provide sufficient indicia that Celenogu is likely to receive notice if served by email.  The Court therefore finds service through email is reasonably calculated to apprise Celenogu of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

<u>CONCLUSION</u>

The Court, for the reasons stated above, GRANTS Plaintiffs' *Ex Parte* Motion for Alternative Service on Defendant Yigit Can Celenogu.  Dkt. 25.  The Court authorizes Plaintiffs to serve Defendant through the following email address:  venicesupplies1@hotmail.com. Plaintiffs are ORDERED to complete service and file proof of service by **July 14, 2025**.

Dated this 30th day of June, 2025.


S. KATE VAUGHAN
United States Magistrate Judge